UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MAINSTREAM FIBER NETWORK, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:20-cv-01338-JMS-DML |
| ) | |
| NEW HAMPSHIRE INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant/Third Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| MICHAEL PARKER and ) | |
| PARKER, INC. d/b/a THE PARKER GROUP,) | |
| ) | |
| Third Party Defendants. ) | |

Order on Plaintiff's Motion to File Amended Complaint
<u>and Report and Recommendation to Remand to Marion Superior Court</u>

**Introduction**

In connection with its answer to the plaintiff's amended complaint, defendant New Hampshire Insurance Company brought a third-party complaint against Michael Parker and Parker, Inc. Mr. Parker and Parker, Inc. (hereafter, the "Parker Defendants") are citizens of Indiana and share citizenship with plaintiff Mainstream Fiber Network, LLC.

Plaintiff Mainstream seeks leave to file an amended complaint that brings its own claim against the Parker Defendants. Mainstream and defendant New Hampshire recognize that if the court grants the plaintiff's motion allowing the

amended complaint, then this matter must be remanded to the Marion Superior Court because of the shared citizenship of Mainstream and the Parker Defendants. As provided by 28 U.S.C. § 1367(b), the court cannot exercise supplemental jurisdiction over such claims:

> (b) In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title [diversity jurisdiction], the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14 . . . .of the Federal Rules of Civil Procedure. . . .

New Hampshire opposes Mainstream's motion on the ground that the proposed claim by Mainstream against the Parker Defendants is not viable because it has been inadequately pleaded and the Parker Defendants are being "fraudulently" joined. As explained below, the court rejects New Hampshire's arguments. The court first describes the claims already pleaded and the claim Mainstream proposes to bring against the Parker Defendants. It will then rule on whether the plaintiff's motion to amend should be granted, resulting in the need to remand this case to the Marion Superior Court.

## Nature of the Claims and Proposed Claims

The court's description of the claims is derived from the pleadings; they are not findings of fact.

Plaintiff Mainstream Fiber Networks, LLC is a broadband internet service provider to homeowners and businesses. Its service is provided via fiber optic cables, some of which are buried and others that are installed above ground on

2

utility poles. It has been insured over a period of years by defendant New Hampshire Insurance Company under a series of policies, which it obtained "with the advice and counsel of The Parker Group." (Amended Complaint, Dkt. 23, ¶ 4). Mainstream has made claims against its policies when its fiber optic cables or associated equipment were damaged. It made three claims in 2018, all of which were denied by New Hampshire; it also made 16 other claims in 2019 or 2020 (so-called "Additional Claims") and alleges that New Hampshire Insurance never acted on these Additional Claims, either by assigning claims numbers, investigating them, accepting or denying coverage, or paying them. Mainstream's amended complaint brings a coverage breach of contract cause of action and one under tort law for bad faith failure to adjust and pay its claims.

In addition to answering Mainstream's amended complaint in September 2020, New Hampshire filed a third-party complaint in December 2020, naming Parker, Inc. and its principal, Matthew Parker, as third-party defendants. The third-party complaint alleges that if, despite New Hampshire's denial that the Parker Defendants were its agents (either express or implied), they are found to have had the authority to accept on New Hampshire's behalf the claims notices Mainstream delivered to them for the 2019 loss events, and if New Hampshire is required to provide coverage for the claims or is found to have acted in bad faith because of a failure timely to adjust or pay the claims, then the Parker Defendants are liable to New Hampshire for their negligent failure to timely notify New Hampshire of the Additional Claims. In addition to the negligence theory, New

3

Hampshire asserts causes of action for breach of fiduciary duty and an implied indemnity obligation based on the same factual grounds.

Immediately after New Hampshire filed its third-party complaint, Mainstream filed its motion to amend its complaint to add its own, alternative, claims against the Parker Defendants. Mainstream asserts that if its coverage and bad faith causes of action against New Hampshire for the Additional Claims fail because they were not entitled to rely on having given notice of the loss claims to the Parker Defendants, "which [Mainstream] always believed was acting as [New Hampshire's agent] with respect to claims notices or communications," then the Parker Defendants are liable for negligently failing their duty to Mainstream to timely notify New Hampshire of the Additional Claims.

As addressed below, New Hampshire objects to the court permitting Mainstream to bring a negligence cause of action against the Parker Defendants.

## Analysis

New Hampshire argues that the court should not allow Mainstream to sue the Parker Defendants in this case (or anywhere, for that matter) based on the *Schur* factors, a case in which the Seventh Circuit provided guidance about whether a district court should permit a plaintiff in a removed case to amend his complaint to name a non-diverse party. Under 28 U.S.C. § 1447(e), a district court has the discretion to permit or deny a plaintiff leave to amend its claim to add a defendant whose citizenship would deprive the court of jurisdiction and require remand. The court can either allow the plaintiff to bring in the new party via an amended

4

complaint and then remand the case, or it can deny amendment and not permit the plaintiff to bring the non-diverse party into the suit. *See id.* In *Schur v. L.A. Weight Loss Centers, Inc.,* 577 F.3d 752 (7th Cir. 2009), the court set forth the following factors to guide the court's exercise of discretion: whether the plaintiff's motive for seeking joinder of the non-diverse party is to defeat federal jurisdiction, whether its seeking to join the new party is timely, whether it will be prejudiced if joinder is not permitted, and whether any other equities are relevant in a particular case. *Id.* at 759. As New Hampshire recognizes, the *Schur* analysis is not directly implicated here because Mainstream is not trying to bring a non-diverse entity into the case; New Hampshire did that through its third-party complaint. New Hampshire has cited two cases in which district courts have suggested that the *Schur* factors can be adapted to this circumstance, but even if that is appropriate, the factors all counsel in favor of allowing Mainstream to bring its own claim against the Parker Defendants.

First, because New Hampshire made the Parker Defendants parties, it cannot be said that Mainstream has sought to join the Parker Defendants for the purpose of defeating federal jurisdiction. Second, Mainstream's request to amend its complaint to bring a cause of action against the Parker Defendants cannot be characterized as dilatory. It filed its motion to amend within one week of New Hampshire's joinder of the Parker Defendants in this litigation. Third, Mainstream's claim against the Parker Defendants cannot reasonably be characterized as a "sham" or "fraudulent." It has proffered a rather run-of-the-mill

5

legal theory, and there is no basis for this court to find at this stage that, construing the facts and law in Mainstream's favor, it cannot possibly recover from the Parker Defendants. *See Schur,* 577 F.3d at 764 (describing fraudulent joinder doctrine).

Mainstream and New Hampshire's pleadings dispute whether Mainstream's provision of loss claims to the Parker Defendants had the legal effect of providing those claims directly to New Hampshire. New Hampshire has pleaded that the Parker Defendants had no actual or apparent authority to accept those claims on its behalf but if they did, then the Parker Defendants are liable to New Hampshire for having failed to timely bring those claims to New Hampshire's attention. Mainstream seeks to plead that if New Hampshire is right, then the Parker Defendants breached a duty to Mainstream to take the proper steps timely to alert New Hampshire about Mainstream's 16 Additional Claims. That negligence theory naturally belongs in this case rather than in a separate lawsuit that Mainstream would have to file against the Parker Defendants in state court. Further, New Hampshire's "sham" argument, based on certain documents already exchanged in discovery, that a finder of fact must conclude that Mainstream and the Parker Defendants agreed that the Parker Defendants would not timely notify New Hampshire of the Additional Claims, is not proven by the documents it cites. Nor do those documents, by themselves, indicate that Mainstream did not rely on the Parker Defendants to timely notify New Hampshire of the loss claims.

In summary, the Parker Defendants are in this case because New Hampshire brought them into this case. And Mainstream has proffered a well-recognized legal

theory (as an alternative to its theory that the Parker Defendants had the authority to accept Mainstream's loss claims on New Hampshire's behalf) that if it is denied coverage because its insurance agent did not timely provide notices of claims, then the agent was negligent in performing duties to Mainstream.

## Conclusion

For the foregoing reasons, the court GRANTS Mainstream's motion (Dkt. 39) to file its amended complaint. As noted at the outset, that decision requires the court to remand this case to the Marion Superior Court. The Magistrate Judge therefore recommends that if no objections are filed to this order or any objections are overruled, the District Judge remand this matter.

Any objections to this Report and Recommendation must be filed in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 729b). The failure to file objections within 14 days after service will constitute a waiver of subsequent review absent a showing of good cause for that failure. The parties should not anticipate any extension of this deadline or any other related briefing deadline.

So ORDERED.

Dated: February 10, 2021

*Debra McVicker Lynch*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record by email through the court's ECF system